IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

v.

ROBERT WILKIE, United State Secretary of Veteran's Affairs,

    Defendant.

No. C 19-02665 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

*Pro se* plaintiff brings this repetitive employment action against federal defendants. Defendants move to dismiss for failure to state a claim and lack of subject-matter jurisdiction. For the reasons stated herein, the motion to dismiss the complaint is **GRANTED**.

## STATEMENT

This is the third of separate lawsuits arising from the same pattern of facts. In May 2017, after working for about six weeks at New Mexico Veterans Affairs Medical Center (VAMC), *pro se* plaintiff Tatyana Evgenievna Drevaleva suddenly went to Russia, evidently to undergo in-vitro fertilization (IVF). She did not return until August 2017. That July, plaintiff received a termination notice for being absent without leave (Dkt. No. 1 at 4).

In May 2018, plaintiff applied to work at the Minneapolis VAMC without disclosing details about her VAMC termination in 2017. She received a tentative job offer. The offer was

subsequently rescinded, however, once Minneapolis VAMC learned the details of her 2017 VAMC termination (Dkt. No. 26 at 2).

In June 2018, plaintiff applied for a position at West Los Angeles VAMC and allegedly disclosed facts about the 2017 VAMC termination on the application. During the phone interview later that month, she explained that the termination resulted from her taking time off for a health-related trip to Russia.[*] Plaintiff then told the interviewer that, if hired, she would need more time off to go to Russia for a medical follow-up. At this point, plaintiff never disclosed to West Los Angeles VAMC that these trips had to do with IVF or pregnancy. In the end, West Los Angeles VAMC decided not to offer plaintiff a position. Plaintiff asked for an explanation, but never received one (Dkt. No. 1 at 4-5).

Plaintiff believed that West Los Angeles VAMC chose not to hire her due to discrimination and sought to file an Equal Employment Opportunity complaint with the Office of Resolution Management. Because this process first requires alternative dispute resolution, plaintiff engaged in a phone mediation with West Los Angeles VAMC in the fall of 2018. Plaintiff alleges that this mediation was the first time she disclosed to the facility that she did not have children and that she had gone to Russia to get pregnant. After a second mediation, plaintiff requested to be reconsidered for hire, but West Los Angeles VAMC declined. Plaintiff subsequently filed a formal EEO complaint, but never received a determination (Dkt. No. 1 at 5).

As a result, plaintiff brings this current action against the United States Department of Veterans Affairs and Robert Wilkie pleading: (1) sex and pregnancy discrimination under Title VII of the Civil Rights Act; (2) age discrimination under the Age Discrimination in Employment Act; (3) disability discrimination under the ADA and failure to accommodate under the Rehabilitation Act of 1973; and (4) intentional infliction of emotional distress. Earlier, plaintiff brought these same claims against the same defendants in her first lawsuit in

---

[*] The complaint dates the West Los Angeles VAMC interview in June 2017 (Dkt. No. 1 at 4), but plaintiff's Exhibit No. 1 and opposition brief both state that it happened in June 2018 (Dkt. Nos. 19-1, 26). This order presents the fact that agrees, chronologically, with the rest of the facts.

2

regard to her 2017 VAMC termination from New Mexico VAMC. Those claims were dismissed for failure to state a claim (Dkt. No. 1 at 6). So too here.

Plaintiff filed the current complaint in May 2019. Rather than amending her complaint, plaintiff makes new allegations in her opposition brief by referencing the EEO investigation results. Although new facts should not be considered in this posture, all allegations were still reviewed for the purposes of this order. Her brief includes information about: the job vacancies at the West Los Angeles VAMC at the time plaintiff sought employment, applicants' scores on interview questions, and demographic information about the applicants selected for the positions available. Even if these allegations are true, however, they do not raise the right to relief above a speculative level (Dkt. No. 26 at 4-11).

Defendants move to dismiss all of plaintiff's claims. This order follows full briefing (Dkt. Nos. 25, 26, 28) and oral argument.

**ANALYSIS**

**1. DISCRIMINATION CLAIMS.**

Rule 12(b)(6) requires the dismissal of complaints that fail to state a claim for relief plausible on its face. Allegations that are merely conclusory need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007).

To establish a prima facie discrimination case, plaintiff has the burden of showing disparate treatment. ". . . [P]laintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

Though plaintiff need not establish a *prima facie* discrimination case at this point, this order uses the required elements to determine whether the facts alleged state plausible claims for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This order finds that plaintiff offers no legal support for her conclusions. Instead, she points to various instances of alleged wrongful conduct to support her numerous claims.

### A. Sex and Pregnancy Discrimination.

Plaintiff's complaint sufficiently alleges that she is a member of a protected class and that she was rejected from a job. The complaint, however, lacks any facts showing that plaintiff was qualified enough for the job to give rise to an inference of unlawful discrimination. Plaintiff herself states in the opposition that she scored substantially lower than the other applicants on the interview rubric (Dkt. No. 26 at 9). Similarly, plaintiff's 2017 VAMC termination could be a plausible reason that interviewers found her to be unqualified compared to the other applicants. Although plaintiff shows that men were hired instead of her, this alone does not plausibly state a *prima facie* case for sex discrimination, or plausibly allege that West Los Angeles VAMC failed to hire her because of her sex.

Furthermore, plaintiff herself admits that West Los Angeles VAMC had no knowledge of her attempts to get pregnant nor her intention to request time off for the purpose of pregnancy when making the decision to hire her. Therefore, plaintiff cannot plausibly claim that she lost out due to pregnancy discrimination. The discrimination claim must be **DISMISSED**.

### B. Age Discrimination.

To establish a *prima facie* case of age discrimination under ADEA, plaintiff must allege that: (1) she was at least forty years old; (2) she was performing her job satisfactorily; (3) she was discharged; and (4) she was either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an "inference of age discrimination." *Sheppard v. David Evans and Assoc.*, 694 F. 3d 1045, 1049 (9th Cir. 2012). Plaintiff does not attempt to allege any facts to meet the elements of this claim other than being 51 years old when she applied for a job. The men who filled the then open job vacancies were 31, 40, and 47 years of age. Although plaintiff believes the 31-year-old had inferior qualifications, according to her own evidence, he scored higher than her in the interview (Dkt. No. 26 at 6-8). Her allegations are conclusory and do not make her age discrimination claim plausible. Accordingly, plaintiff's claim under the ADEA is **DISMISSED**.

### C. Disability Discrimination and Failure to Accommodate.

In order for plaintiff to establish a *prima facie* case for disability discrimination under the ADA, she must show that: (1) she is a disabled person within the meaning of the ADA; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability. *Weinreich v. L.A. Cty. Metro. Transp. Auth.*, 114 F. 3d 976, 978 (9th Cir. 1997). The Rehabilitation Act, in turn, provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a).

Plaintiff has not pled that she is disabled within the meaning of the ADA. Plaintiff has not identified a cognizable disability in her complaint and fails to show that she is otherwise qualified for employment. And, plaintiff cannot claim that West Los Angeles VAMC chose not to hire her due to her inability to get pregnant or desire for IVF because she did not disclose these facts during the interview process (Dkt. No. 1 at 4-5). Additionally, disclosing to the West Los Angeles VAMC interviewer that she needed to return to Russia for a follow-up does not adequately suggest that West Los Angeles VAMC denied her a reasonable accommodation because of any disability (Dkt. No. 26 at 13). Accordingly, the claims for disability discrimination and failure to accommodate are **DISMISSED**.

### 2. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Rule 12(b)(1) requires dismissal of claims when a court lacks subject-matter jurisdiction. The burden of establishing jurisdiction falls on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff alleges that defendants knowingly caused her to suffer severe emotional distress for months by failing to hire her, depriving her a source of income, and depriving her an opportunity to undergo another IVF procedure (Dkt. No. 1 at 16). Because this tort claim arises from the same factual predicate as her discrimination claims, Title VII provides, if at all,

5

the exclusive remedy. *Brown v. GSA*, 425 U.S. 820, 835 (1976). Accordingly, this claim is preempted from district court review and is **DISMISSED**.

### 3. PUNITIVE DAMAGES ARE UNAVAILABLE.

Defendants seek to dismiss plaintiff's request for punitive damages for her claims under Title VII, the Rehabilitation Act, and the ADEA (Dkt. No. 25 at 15). This order agrees. Plaintiff has neither a claim for relief nor a predicate for punitive damages whatsoever. Her prayer for punitive damages, therefore, is **DENIED AS MOOT**.

### 4. THE DEPARTMENT OF VETERANS AFFAIRS IS AN IMPROPER DEFENDANT.

Defendants argue that the Department of Veterans Affairs is an improper defendant in this action. This order agrees. The proper defendant for a civil action based on each of the above noted anti-discrimination statutes is the head of the agency or department. *Mahoney v. United States Postal Serv.*, 884 F.2d 1194, 1196 (9th Cir. 1989) (Title VII & Rehabilitation Act); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986) (ADEA). Here, Robert Wilkie has been sued as the Secretary of Veterans Affairs, therefore, the United States Department of Veterans Affairs is improper and is hereby **DISMISSED** as a defendant. Going forward, all parties in this action shall use this order's caption.

## CONCLUSION

For the reasons stated above, the motion to dismiss is **GRANTED** with prejudice. Further leave to amend is denied because plaintiff's additional facts, as set forth in her opposition brief, have been considered.

**IT IS SO ORDERED.**

Dated: November 7, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE