1  Tatyana Evgenievna Drevaleva

2  225 41st St., Apt. 201

3  Oakland, CA, 94611

4  415-806-9864, tdrevaleva@gmail.com

5  Plaintiff in Pro Per

6

7                    THE UNITED STATES DISTRICT COURT

8                        FOR NORTHERN CALIFORNIA

9

10

11

12  Tatyana E. Drevaleva )   Case No. 3:19-cv-02665-WHA

13              Plaintiff, )   Demand for Depublication of the

14              vs.        )   November 07, 2019 Order that granted

15  1) The U.S. Department of Veterans Affairs )   Defendants' Motion to Dismiss.

16  2) Mr. Robert Wilkie in his capacity as an

17     acting Secretary of the U.S. Department )   Location: Courtroom 12; 19th Floor

18     of Veterans Affairs )   Judge: Hon. William Alsup

19              Defendants. )

20

21  Facility:

22  West Los Angeles Medical Center

23  11301 Wilshire Blvd,

24  Los Angeles, CA 90073

25

26

27      Plaintiff Tatyana Drevaleva is demanding to depublish from the Internet the November

28  07, 2019 Order that granted Defendants' Motion to Dismiss in case No. 3:19-cv-02665-WHA

Page **1** of **4**

Demand for Depublication; case No. 3:19-cv-02665-WHA

1  from the Internet on the basis that this Order is legally invalid, and this Order may mislead
2  thousands of other litigants and Judges. Also, this Order perverts the facts of the case and puts
3  dirt on my good name.

4      Signing his November 07, 2019 Order, Hon. William Alsup had no idea what he was
5  doing. This Judge doesn't know both the Federal statutes and the relevant case laws regarding
6  employment discrimination in Federal Government. As an alternative, the Judge knows both
7  Federal statutes and case laws but doesn't want to follow them. Specifically, in his the November
8  07, 2019 Order, Mr. Alsup applied Title II of the ADA or Section 504 of the Rehabilitation Act
9  to employment at the Federal Government. As a result of his fraudulent tactic, Mr. Alsup applied
10 a wrong Prima Facie Case to my Disability Discrimination, Failure to Provide with Reasonable
11 Accommodations (the Rehabilitation Act of 1973) cause of action. Mr. Alsup applied the Prima
12 Facie Case that was relevant to Section 504 of the Rehabilitation Act. Mr. Alsup failed to apply
13 the correct Prima Facie Case which is applicable to Section 501 of the Rehabilitation Act. Also,
14 Mr. Alsup failed to demonstrate his knowledge of the definition "A Qualified Employee"
15 pursuant to *Sch. Bd. of Nassau Cnty., Fla. v. Arline,* 480 U.S. 273, 288 n.17 (1987) (citing 45
16 C.F.R. § 84.3(k)), *Chalk v. U.S. Dist. Court Cent. Dist. of Cal.,* 840 F.2d 701, 705 (9th Cir.
17 1988) quoting *Arline*; and *Humphrey v. Mem'l Hosp. Ass'n,* 239 F.3d 1128, 1135 (9th Cir. 2001.)
18 A qualified individual is who "can perform 'the essential functions' of the job in question,"
19 either with or without reasonable accommodations. Also, in their Motion to Dismiss, Defendants
20 failed to describe the "Essential Function" of the job.

21     Moreover, Mr. Alsup failed to distinguish between two paths for the Plaintiff to sue the
22 Federal Government pursuant to Section 501 of the Rehabilitation Act:

23     Read *Stewart v. U.S.*, No. C-99-4058 JCS (N.D. Cal. Oct. 10, 2000), Magistrate Judge
24 Hon, Joseph Spero, "Section 501 provides for two types of claims: 1) "non-affirmative action"
25 employment discrimination claims based upon 29 U.S.C. § 791 (g), see, e.g., *Newland v. Dalton*,
26 81 F.3d 904, 906 (9th Cir. 1995), and 2) claims based upon a government employer's failure to
27 reasonably accommodate an employee, as required under 29 U.S.C. § 791(b); see, e.g.,
28 *Buckingham v. United States*, 998 F.2d 735, 739 (9th Cir. 1993). The former category of claims

Demand for Depublication; case No. 3:19-cv-02665-WHA

are governed by the standards contained in the Americans With Disabilities Act ("ADA"), which are explicitly incorporated into 501(g). Affirmative action claims for failure to reasonably accommodate, on the other hand, are governed by the explicit terms of § 501(b) and its enacting regulations, which set out in some detail the affirmative action requirements imposed upon federal agencies. 29 U.S.C. § 791(b); 29 C.F.R. § 1614.203(b); see also *Mantolete v. Bolger*, 767 F.2d 1416, 1422 (holding that regulations for § 501 "provide the guidelines for determining what constitutes `reasonable accommodation'")."

Signing his November 07, 2019 Order, Mr. Alsup acted against his own decision in the case law *Goodwin v. Potter*, No. C 09-05080 WHA (N.D. Cal. Oct. 19, 2011.) In that case, Mr. Alsup correctly identified that Section 501 of the Rehabilitation Act of 1973 is an exclusive remedy in Federal employment. In that case, Mr. Alsup applied the correct Prima Facie Case that is applicable for Section 501, and also he identified the definition of "Qualified Individual." Though, Mr. Alsup's Order in *Goodwin v. Potter* is not as glowing as the Order of Hon. Judge Joseph Spero in *Stewart v. U.S.* and not as excellent and detailed as the Findings and Recommendations of Hon. Kendall J. Newman in *Ward v. Vilsak,* No. 2:10-cv-00376 KJM KJN PS (E.D. Cal. Dec. 1, 2011.)

The November 07, 2019 Order also puts dirt on my good name because it accuses me in intentionally "misleading" both the Minneapolis and the Los Angeles VAMC about the details of the termination of my employment in 2017 from the Raymond G. Murphy VAMC. I didn't mislead any employer. The November 07, 2019 Order is a result of Mr. Alsup's reckless disregard of the facts and evidence of the case, the result of Mr. Alsup's pure fantasy, a result of Mr. Alsup's bias and prejudice towards me as to a Pro Se Russian Plaintiff, and the result of Mr. Alsup's impartiality defending the Federal Government at all costs.

**Conclusion.**

Seems that Mr. Alsup is more concerned writing his Memoirs rather than to study the case laws and to perform his direct duties as a District Judge.  Mr. Alsup intentionally misapplied the Rehabilitation Act to my case, and he intentionally applied the wrong Section of the

Rehabilitation Act and the wrong Prima Facie Case. Also, there is undisputed that Mr. Alsup was not supposed to apply any Prima Facie Case at a pleading stage. Because the November 07, 2019 is fraudulent, legally invalid and factually misleading, and because it puts dirt on my good name, I am demanding to immediately depublish this Order.

I declare under penalty of perjury and under the Federal laws that the foregoing is true and correct and that this verification was executed on this 26th day of November, 2019 at Oakland, California.

Respectfully submitted,

Date: November 26, 2019                    Sign Name: /s/

                                            Print Name:  Tatyana E. Drevaleva

## Attachment.

*Drevaleva v. Department of Veterans Affairs et al.,* No. 3:19-cv-02665-WHA online.



# Drevaleva v. U.S. Department of Veterans Affairs et al, No. 3:2019cv02665 - Document 38 (N.D. Cal. 2019)

**Court Description:** ORDER GRANTING MOTION TO DISMISS by Judge William Alsup [granting 25 Motion to Dismiss]. (whasec, COURT STAFF) (Filed on 11/7/2019)

Download PDF



Drevaleva v. U.S. Department of Veterans Affairs et al

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

  v.

ROBERT WILKIE, United State Secretary of Veteran's Affairs,

    Defendant.

No. C 19-

ORDER
MOTION

## INTRODUCTION

*Pro se* plaintiff brings this repetitive employment action against fed Defendants move to dismiss for failure to state a claim and lack of subject-For the reasons stated herein, the motion to dismiss the complaint is GRAN

## STATEMENT

This is the third of separate lawsuits arising from the same pattern o 2017, after working for about six weeks at New Mexico Veterans Affairs M (VAMC), *pro se* plaintiff Tatyana Evgenievna Drevaleva suddenly went to undergo in-vitro fertilization (IVF). She did not return until August 2017. received a termination notice for being absent without leave (Dkt. No. 1 at

In May 2018, plaintiff applied to work at the Minneapolis VAMC w