UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

v.

ROBERT WILKIE, United States Secretary of Veteran's Affairs,

    Defendants.

No. C 19-02665 WHA

**ORDER GRANTING LEAVE FOR SUPPLEMENTAL BRIEFING**

**INTRODUCTION**

The Court is in receipt of *pro se* plaintiff's letter (Dkt. No. 55) explaining her cause for belief that she is entitled to file several supplemental briefs (Dkt. Nos. 48, 50, 52) in support of her Rule 60 motion to vacate an order dismissing her case (Dkt. No. 38). Though plaintiff is mistaken, her mistake was reasonable. Leave to file these briefs is retroactively **GRANTED**.

**STATEMENT**

This is the third of several lawsuits plaintiff has brought against the Secretary of Veterans Affairs. The facts are set out in prior orders (Dkt. No. 38). Following dismissal of plaintiff's case for failure to state a claim and for lack of subject-matter jurisdiction (*ibid.*), plaintiff filed a Rule 60 motion for relief from judgment (Dkt. No. 44). Plaintiff also requested leave to file a supplemental brief (Dkt. No. 42).

Following the secretary's opposition (Dkt. No. 47), plaintiff filed three supplemental briefs on December 7 (Dkt. No. 48), December 11 (Dkt. No. 50), and December 12 (Dkt. No. 52). On December 12, plaintiff also filed her reply (Dkt. No. 53). A December 20 order (Dkt. No. 54) noted plaintiff failed to show cause for the necessity of supplemental briefing. The next day, plaintiff objected (Dkt. No. 55).

**ANALYSIS**

Plaintiff points to Civ. L.R. 7-3(c) in support of her three supplemental briefs: "[a]ny reply to an opposition may include affidavits or declarations, as well as a supplemental brief or memorandum under Civil L.R. 7-4." Moreover, because Civ. L.R. 7-3(c) does not require leave of the Court, plaintiff's three supplemental briefs, filed before and in support of her reply are proper.

Plaintiff is incorrect. The Civil Local Rules provide for three-part motion briefing. The moving party files a 25-page brief along with the motion. Civ. L.R. 7-2(b). Then, the opposing party files a 25-page brief in opposition to the motion. Civ. L.R. 7-3(a). Last, the moving party files a 15-page reply brief. Civ. L.R. 7-3(c), 7-4(b). "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Civ. L.R. 7-3(d).

Read in context, the "supplemental brief" plaintiff points to in the first line of Civ. L.R. 7-3(c) *is* the 15-page reply brief. Indeed, it is explicitly a "supplemental brief or memorandum under Civil L.R. 7-4." Both Civ. L.R. 7-3(a), for an opposition, and 7-3(c), for a reply, point to Civ. L.R. 7-4. Subpart (a) provides for three types of briefs, those in "support, opposition or reply to a motion . . . ." Subpart (b) provides:

> Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

Simply, Civ. L.R. 7-4 does not contemplate supplemental briefs, except where a "Court expressly orders otherwise pursuant to a party's request . . . ."

The important takeaway, however, is that the use of the term "supplemental" in Civ. L.R. 7-3(c) *is* confusing. Plaintiff is mistaken, her three supplemental briefs require prior permission. But the mistake was reasonable and made in good-faith reliance on the rules.

**CONCLUSION**

Finding plaintiff's mistaken understanding of the Civil Local Rules reasonable, retroactive leave to file plaintiff's three supplemental briefs is **GRANTED**. In recognition of plaintiff's 90 pages of supplemental briefing, the secretary may submit a **10 PAGE** supplemental opposition by **JANUARY 9 AT NOON**.

For the future, plaintiff shall please keep in mind the standard, three-part motion briefing scheme of the Civil Local Rules. When plaintiff moves for relief, she may file one 25-page brief and one 15-page reply brief. When the secretary moves for relief, plaintiff may file one 25-page opposition brief. Of course, plaintiff may submit necessary affidavits, declarations, or exhibits with these briefs.

If, however, plaintiff wishes to file supplemental briefing, she shall please ask leave of the Court and not file until permission is given. Plaintiff shall also please take note that requests for supplemental briefing do need to show good cause. *See, e.g.*, *Dongziao Yue v. Storage Tech. Corp.*, No. C 07-05850 JW, 2008 WL 11349928 (N.D. Cal. June 24, 2009) (Judge James Ware).

**IT IS SO ORDERED.**

Dated: January 2, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE