UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

  v.

ROBERT WILKIE, United States Secretary of Veteran's Affairs,

    Defendant.

No. C 19-02665 WHA

**ORDER DENYING MOTION TO VACATE, MOTION TO DEPUBLISH, & AFFIDAVIT OF BIAS & PREJUDICE**

*Pro se* plaintiff Tatyana Drevaleva has filed several employment suits against various Veterans Affairs offices and officers for her termination based on her going absent without leave and for their refusal to hire her back. In this round, Ms. Drevaleva's suit was previously dismissed for failure to state a claim and for lack of subject-matter jurisdiction (Dkt. No. 38). Ms. Drevaleva now objects, filing: (1) a Rule 60 motion for relief from judgment; (2) a motion to de-publish the prior order; and (3) an affidavit of bias and prejudice. For the following reasons, all relief is **DENIED**.

*First*, Ms. Drevaleva does not satisfy her burden under Rule 60. A Rule 60(a) motion for relief from judgment is for correction of clerical mistakes in an order. Ms. Drevaleva alleges no such errors in her motion. A Rule 60(b) motion permits relief from a judgment, where "appropriate to accomplish justice," in cases such as a party's excusable neglect, opposing party's misconduct, discovery of new evidence, lack of subject-matter jurisdiction, or other "extraordinary circumstances." *See Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019).

Ms. Drevaleva's motion (Dkt. No. 44) is a rehash disagreement with the dismissal order (Dkt. No. 38). Her supplemental briefs (Dkt. Nos. 48, 50, and 52) articulate similar disagreements of law, raise new claims, and re-litigates issues already addressed in the dismissal order. She fails to point to specific errors of law, new material facts, misconduct, or extraordinary circumstances warranting relief. Rule 60 permits district judges to realize and repair a glaring error without troubling the court of appeals. This is no such instance.

*Second*, Ms. Drevaleva's request (Dkt. No. 45) does not show cause for "de-publication" of the prior order (Dkt. No. 38). There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The order will remain public.

*Third*, the undersigned has carefully considered Ms. Drevaleva's affidavit of bias and prejudice (Dkt. No. 46) and realizes Ms. Drevaleva's vigorous disagreement with prior rulings. But, as with prior affidavits to disqualify (*see, e.g.*, No. C 19-03748 WHA, Dkt. No. 102), the undersigned remains determined to give Ms. Drevaleva fair hearings and proceedings (*see id.*, Dkt. No. 129). All rulings against Ms. Drevaleva hew to the merits, not to any bias. Indeed, other judges of our District, taking Ms. Drevaleva's affidavits of bias on referral, have found no bias or impropriety (*id.*, Dkt. No. 138). There will be no further referrals on grounds of bias. The undersigned assures Ms. Drevaleva she will continue to be heard fairly, impartially, and in accord with the law.

Ms. Drevaleva's motions for relief under Rule 60, to de-publish, and to disqualify are **DENIED**.

**IT IS SO ORDERED.**

Dated: January 21, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE