UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT WILKIE, United States Secretary of Veterans Affairs,<br><br>  Defendants. | No. C 19-02665 WHA<br><br>**ORDER REVOKING *IN FORMA PAUPERIS* STATUS ON APPEAL** |

## INTRODUCTION

In this serial employment discrimination case, our court of appeals asks whether *pro se* plaintiff's *in forma pauperis* status should continue on appeal. Because the multiplicity of suit indicates abuse, plaintiff's *in forma pauperis status* on appeal is **REVOKED**.

## STATEMENT

This is the third lawsuit arising from the same set of facts (Dkt. No. 38). While working at the New Mexico Veterans Affairs Medical Center (VAMC), Ms. Drevaleva suddenly left for Russia in May 2017, evidently to undergo in-vitro fertilization (IVF). She was terminated for absence without leave in July and only returned in August. In 2018, both the Minneapolis and West Los Angeles VAMC's declined to employ Ms. Drevaleva upon learning of her 2017 termination.

Contending she was the victim of discrimination, Ms. Drevaleva engaged in several mediation sessions with the West Los Angeles VAMC before filing a formal Equal Employment Opportunity complaint with the Office of Resolution Management, to no avail. So she filed several lawsuits. This is the third.

Ms. Drevaleva received IFP status in her first case, No. C 18-03748 WHA, which a December 2018 order dismissed. Following substantial briefing — and a motion for recusal which the Honorable Yvonne Gonzalez Rogers denied — the undersigned denied Ms. Drevaleva's motion to reconsider and two motions to vacate. And though her IFP status continued through several petitions, our court of appeals declined to intervene.

Ms. Drevaleva received IFP status again in her second case, No. C 19-01454 WHA, which a September 2019 order dismissed. After substantial briefing, a November 2019 order denied Ms. Dreveleva's motion to vacate. Her IFP status continued on appeal again, and that appeal still pends before our court of appeals.

This is Ms. Drevaleva's third case. She again obtained IFP status. A November 2019 order dismissed the case. Following about 90-pages of supplemental briefing, a January 2020 order denied Ms. Drevaleva's motion to vacate, demand to de-publish, and affidavit of bias (Dkt. Nos. 12, 38, 44–46, 65). Ms. Drevaleva again appealed. Our court of appeals now remands this appeal for the limited purpose of deciding whether Ms. Drevaleva's IFP status should continue (Dkt. No. 71).

Since obtaining IFP status in this case, Ms. Drevaleva filed *three* more cases against the Department of Veterans Affairs, case numbers C 19-05927 WHA, C 19-06127 WHA, and C 20-0820 DMR. The first two cases were initially filed in the Federal Circuit and transferred to this Court. Though Ms. Drevaleva's IFP applications there were never granted, due to procedural snafus in transit, she has litigated in this Court without ever paying the filing fees or receiving IFP status. Indeed, in the first of those two cases, Ms. Drevaleva obtained a decision on the merits in December 2019 (dismissal as *res judicata*) and her motion to vacate pends before this Court. Ms. Drevaleva's application for IFP in her *sixth* case currently pends before the Honorable Donna Ryu.

## ANALYSIS

Congress' goal in creating the IFP statute was to put indigent plaintiffs on a similar footing with paying plaintiffs. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abuse on appeal, 28 U.S.C. § 1915(a)(3) states "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Ellis v. United States*, 356 U.S. 674 (1958); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

It is now clear that Ms. Drevaleva is abusing her IFP status. Instead of diligently pursing her *two* pending cases before our court of appeals, she has opened *three new* cases. These repetitive suits stem from the same events. Ms. Drevaleva is entitled to her day in court — she is not entitled to overwhelm the Secretary of Veterans affairs, and indeed impact other litigants' access to the limited resources of the courts, by filing a multitude of suits at public expense. The public will not be made to fund another front in Ms. Drevaleva's apparently endless campaign against the Secretary. Her IFP on appeal is revoked, but Ms. Drevaleva remains free to pay the filing fee and proceed.

## CONCLUSION

Ms. Drevaleva's IFP status is **REVOKED** on appeal. This revocation is without prejudice to subsequent appeals. The Clerk shall please notify the United States Court of Appeals for the Ninth Circuit of this order.

**IT IS SO ORDERED.**

Dated: February 18, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3